NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**DAVID JACKSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

_____

2012-3207

_____

Petition for review of the Merit Systems Protection Board in case no. DE0752120031-I-1.

_____

**DAVID JACKSON,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

_____

2012-3208

_____

Petition for review of the Merit Systems Protection Board in case no. DE0752120031-I-1.

Before NEWMAN, PROST and WALLACH, *Circuit Judges*.

PER CURIAM.

## O R D E R

The court considers the merits of David Jackson's petitions.

In the initial Merit Systems Protection Board (Board) decision in 1994, Jackson contested two matters: a period of alleged constructive suspension or enforced leave from April 4, 1994, until July 13, 1994 and an alleged involuntary resignation on July 13, 1994, from his Ward Clerk position with the Department of Veterans Affairs (DVA). The 1994 Board decision dismissed Jackson's appeal from the alleged constructive suspension as voluntarily withdrawn and the official record from that appeal included a signed statement from Jackson indicating that he voluntarily resigned his position with the DVA. Approximately 17 years later, Jackson hand-delivered an appeal to the Board. The administrative judge found that Jackson did not present "sufficient evidence to establish good cause to waive the untimely filing of a second appeal from the alleged period of constructive suspension" because "he has not explained why he waited the extremely long period of seventeen years to file the instant appeal." Jackson then petitioned for review which was denied by the Board.

Jackson filed an action in the United States District Court for the District of Colorado, challenging the Board's dismissal of his untimely appeal. Appeal no. 2012-3207 is that transferred matter. Appeal no. 2012-3208 is Jackson's appeal of the transfer order. We affirm both. Jackson directly petitioned this court for review of the Board's order in appeal no. 2012-3194, and by separate order we affirm the Board's dismissal in that case.

This court's review of a decision of the Board is limited by statute. Under 5 U.S.C. § 7703(c), this court is bound by a decision of the Board unless we find it arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law; or unsupported by substantial evidence. *See, e.g. Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1321 (Fed. Cir. 1999). Under 5 C.F.R. § 1201.56(a)(2), the petitioner has the burden of proof as to the timeliness of an appeal. "Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

In denying Jackson's petition for review, the Board noted that although he alleged that in 1994 the DVA placed him on leave pending a psychiatric evaluation indicating that he could return to his position, he did not present "any evidence, medical or otherwise, that would show that he was incompetent to file his appeal during the past 17 years" and therefore his "alleged incompetence does not provide a basis to show good cause for the delay."

In his informal brief, Jackson presents arguments regarding factual disagreements with the 1994 decision which are not for review here. He presents no arguments regarding the extremely long delay in filing his appeal. There is no question that Jackson's appeal was not timely filed, and he offered no ground sufficient to require the Board to overlook his delay. We therefore cannot say that the Board abused its discretion in concluding that Jackson failed to show good cause for the 17 year delay in

DAVID JACKSON V. MSPB                                                              4

filing his appeal.  Accordingly, the Board's decision must be affirmed.

The district court properly transferred the matter to this court, because this court has exclusive jurisdiction.  5 U.S.C. § 7703(b).  Thus, the transfer order is also affirmed.

Accordingly,

IT IS ORDERED THAT:

(1)  The Board's decision and the transfer order are summarily affirmed.

(2)  All other motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s26

cc:  U.S. District Court, D. Col.